BENJAMIN F. FOOTE, Appellant, *v.* WILSON NICHOLS, Appellee.

APPEAL FROM HENDERSON.

Where an unprovoked assault of an aggravated character is made upon a person, a jury may give exemplary damages.

THIS was an action of trespass, brought by Nichols against Foote, for an assault and battery. The jury found a verdict against Foote for $683. A new trial was denied, and Foote appealed.

The court then gave the following instructions to the jury on the part of the appellee, which are complained of by appellant:

That if they believe, from the evidence, that defendant, Foote, assaulted and beat the plaintiff, Nichols, within two years prior to the commencement of this suit, they will render a verdict for plaintiff, and assess his damages at some sum not more than $2,000, unless they further believe, from the evidence, and nothing else, that such assault and beating was

done by defendant in necessary self-defense of his person, and that such violence was no more than a reasonable man would use in such self-defense.

That if the jury find for the defendant, upon the ground that he assaulted and beat plaintiff in necessary self-defense, they must be satisfied from evidence of that fact introduced on the trial, and from nothing else, that such assault and beating of plaintiff by defendant was done in necessary self-defense.

A. G. KIRPATRICK, and H. M. WEAD, for Appellant.

Vindictive damages can never be allowed, unless the trespass is willful and malicious.   *Williams* v. *Reil*, 20 Ill. 147 ; *Philadelphia R. R.* v. *Quigley*, 21 How. 202 ; *St. Peter's Church* v. *Beach*, 26 Conn. 355 ; *Dibble* v. *Morris*, 26 Conn. 416..

W. C. GOUDY, for Appellee.

The general rule is laid down by *Sedgwick*, in his able work on damages, to be that whenever " the elements of fraud, malice, gross negligence, or oppression, mingle in the controversy, the law, instead of adhering to the system, or even the language of compensation, adopts a wholly different rule.   It permits the jury to give what it terms punitory, vindictive or exemplary damages, not only to *re-compensate* the sufferer, *but to punish* the offender."   Sedgwick's Damages, 38, 453, *et seq. ; Huckle* v. *Money*, 2 Wils. 205; *Grable* v. *Margrave*, 3 Scam. 373 ; *McNamara* v. *King*, 2 Gilm. 435 ; 6 Hill, 466 ; 18 Mo. 71; 6 Texas, 266.

CATON, C. J.   This was an action for assault and battery. The defendant pleaded the general issue, and that the injury was committed by him in necessary self-defense.   The proof was sufficient to warrant the jury in finding the defendant guilty of the assault, which is shown to have been a severe one.   Although the damages were pretty high, we cannot feel justified in disturbing the verdict for that cause.

The complaint of the first two instructions is, that they confine the justification to a defense of the person, whereas the defendant might have committed the assault in the necessary defense of his property, which he had a right to do. The sufficient answer to this is, that no pretense of such a defense is set up in the pleadings, nor indeed, is there anything in the proof to justify such a conclusion. As applied to the issues upon which the jury had to pass, these instructions were correct.

The court instructed the jury, that if they believe, from the evidence, that the defendant assaulted the plaintiff without provocation, and that such assault was an aggravated one, and that the public good, or justice to the plaintiff, or both, demand it, then the law is that they are not confined in their verdict to actual damages proven, but may give exemplary damages not only to compensate the plaintiff, but to punish the defendant for such wanton injury, not exceeding the amount claimed in the declaration; and this is complained of. The instruction was correct. The assault specified in this instruction, to justify punitive or exemplary damages, is an aggravated one, without provocation. In such a case, the jury may go beyond mere compensation to the plaintiff, and admonish the defendant and all others in the same way inclined, that the peace of society is not to be thus violated with impunity.

The judgment is affirmed.  *Judgment affirmed.*