ALEXANDER J. HAWK *et al.*

*v.*

RICHARD H. RIDGWAY.

1. INSTRUCTION — *should not assume that a verdict will be returned in favor of any particular party.* An instruction is erroneous that assumes that a verdict will be returned in favor of any particular party.

2. So, in an action of trespass *vi et armis*, the jury were instructed that they were authorized to take into consideration the pecuniary circumstances of the defendants, and their ability to pay the verdict that might be returned against them. This was erroneous, because it assumed that the verdict would be in favor of the plaintiff, and thus took from the jury the question whether the defendants were guilty of the trespass charged, which it was their peculiar province to determine.

3. MEASURE OF DAMAGES IN TRESPASS — *vindictive damages.* In the action of trespass, the question whether the wrongful act was wantonly or willfully committed, is important to be considered in measuring the damages. Where the wrong is wanton or willful, the jury may give an amount of damages beyond the actual injury sustained, as a punishment, and to preserve the public tranquillity.

4. But when the wrongdoer acts in good faith, with honest intentions, and with prudence and proper caution, and he shall invade the rights of others, so as to render himself liable to the action, preventive or exemplary damages are improper.

5. JURY — *what it is their province to decide.* Whether a trespass was committed under circumstances of aggravation, is a question for the jury, not for the court, to decide.

6. INSTRUCTIONS — *should not require vindictive damages to be assessed.* So an instruction which requires a jury trying an action of trespass, to assess vindictive damages, is erroneous, because it takes from their consideration all question of aggravation.

7. FALSE IMPRISONMENT — *what constitutes.* In order to sustain a charge for false imprisonment, it is not necessary for the plaintiff to show that the defendant used violence, or laid hands on him, or shut him up in a jail or prison, but it is sufficient to show that the defendant at any place or time, in any manner restrained the plaintiff of his liberty or detained him in any manner from going where he wished, or prevented him from doing what he desired.

APPEAL from the Circuit Court of Morgan county; the Hon. DAVID M. WOODSON, Judge, presiding.

On the 28th day of February, 1863, Richard H. Ridgway commenced his action of trespass *vi et armis* in the court below,

against Alexander J. Hawk and John Gannon, alleging an assault and imprisonment without legal right, and laying his damages at two thousand dollars.

The defendants pleaded the general issue, and the cause came on for trial before a jury.

The principal question arises upon the instructions given by the court on behalf of the plaintiff, which were as follows.

1. The court instructs the jury for the plaintiff, that if they believe from the evidence that the defendants followed the plaintiff to Springfield, or any other place, took the plaintiff into their custody and there kept him, and brought him to Jacksonville and offered to deliver him into the custody of the sheriff, then they are guilty as charged in plaintiff's declaration, and the jury should find a verdict for the plaintiff in such sum as under the circumstances proven they may think him entitled to, not exceeding two thousand dollars.

2. The court further instructs the jury for the plaintiff, that in making up their verdict in this case, they are authorized to take into consideration the pecuniary circumstances of the defendants, and their ability to pay such verdict, not exceeding two thousand dollars, as may be rendered against them, and this the jury must gather from the proof before them.

3. The court instructs the jury for the plaintiff, that in order to sustain a charge for false imprisonment it is not necessary for the plaintiff to show that the defendants used violence, or laid hands on him, or shut him up in any jail or prison, but it is sufficient to show that the defendants, at any place or time, in any manner restrained the plaintiff of his liberty, or detained him in any manner from going where he wished, or prevented him from doing what he desired, and if they believe that such facts have been proven in this case, then they are authorized to find for plaintiff any verdict they think proper, not exceeding two thousand dollars.

The jury returned a verdict of guilty, and assessed the plaintiff's damages at $450. A motion for a new trial was overruled, and a judgment entered upon the verdict.

Thereupon the defendants took this appeal.

Messrs. MORRISON & EPLER, H. B. McCLURE, and KNAPP & BURR, for the appellants.

Mr. M. McCONNEL, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It is insisted that the court erred in giving appellee's instructions. No objection is perceived to the first and third of these instructions as given. The second, however, is wrong, as it assumes that the jury will find a verdict for appellee. It informs the jury, that in making up their verdict, they are authorized to take into consideration the pecuniary circumstances of appellants, and their ability to pay the verdict that might be rendered against them. This instruction takes from the jury the question whether appellants were guilty of the trespasses charged, and deprives them of the right to pass upon the evidence and determine the great and essential question presented by the issue in the case. It was calculated to mislead the jury, and may have produced that effect. It should, therefore, have been refused or modified before it was given, so as to have left the question of whether appellants were guilty of the trespasses to the jury.

In the action of trespass, the question of whether it was wantonly or willfully committed, is important to be considered in measuring the damages. Where the wrong is wanton, or it is willful, the jury are authorized to give an amount of damages beyond the actual injury sustained, as a punishment, and to preserve the public tranquillity. *Foot* v. *Nichols*, 28 Ill. 486. But when the wrongdoer acts in good faith, with honest intentions, and with prudence and proper caution, and he shall invade the rights of others so as to render himself liable to the action, preventive or exemplary damages are improper. If no aggravating circumstances appear in the evidence, then vindictive damages should not be given. Whether the trespass is committed under circumstances of aggravation, is a question for the consideration of the jury. If this instruction was under-

stood by the jury, as it most likely was, as requiring them to assess vindictive damages, as it took from their consideration all question of aggravation, we think that it virtually told them that they should find such damages. That question should have been left to their determination.

For these reasons the judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*