PEACHY Q. HARRISON

*v.*

SARAH M. ELY.

*Filed at Springfield March 23, 1887.*

1. ASSAULT AND BATTERY—*in what the offence consists.* If one be assaulted by another, an assault being a violent attempt, coupled with a present ability, to do a bodily injury, and a battery actually occurs, the offence ·of assault and battery is complete, and an action lies therefor.

2. An instruction in an action of trespass for an assault and battery, told the jury, that if they believed, from the evidence, that the defendant wrongfully and in an angry manner assaulted the plaintiff, and pushed and threw her against a lounge, and thereby fractured one of her ribs, and bruised her, etc., they should find the defendant guilty, etc.: *Held*, that the instruction stated the law with substantial accuracy.

3. MEASURE OF DAMAGES—*personal injury, willfully inflicted—exemplary damages.* In case of an unprovoked assault and battery, resulting in a serious personal injury to the plaintiff, when the injury is wantonly, maliciously and willfully inflicted, the jury may award to the plaintiff exemplary damages in addition to the actual damages, by way of punishment to the wrongdoer, if they think the evidence justifies it.

4. SAME—*former decision—distinguished.* In the case of *Wabash, St. Louis and Pacific Railway Co.* v. *Rector,* 104 Ill. 296, it was held error to instruct the jury that the plaintiff *was entitled* to exemplary damages. In that case it is conceded that the jury might, in a proper case, have given punitive damages, while in this case the jury were not instructed to give such damages as a matter of right, but only that they might do so.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAS. A. CREIGHTON, Judge, presiding.

Messrs. McGUIRE & COLBY, and Messrs. BRADLEY & BRADLEY, for the appellant, contended that the facts do not show such malice, passion, ill-will, force and violence as is necessary to call for vindictive damages. *Warner* v. *Ostrander,* 44 Ill. 356.

Punitive damages will be awarded only when the act is characterized by fraud, malice, gross negligence or oppression.

(11 Bradw. 319.) They will not be given as a matter of right. *Railway Co.* v. *Rector*, 104 Ill. 296.

Messrs. PATTON & HAMILTON, for the appellee:

The jury would have been justified in rendering a much larger verdict. *Ross* v. *Innes*, 35 Ill. 487; *Jones* v. *Jones*, 71 id. 562; *Drohn* v. *Brewer*, 77 id. 280; *Gillett* v. *Fuller*, 2 Bradw. 144. ·

A verdict should not be disturbed on account of excessive damages, in cases of tort, unless it be probable, from the amount of damages assessed, that the jury acted under the influence of prejudice or passion. *Schlencker* v. *Risley*, 3 Scam. 483; *City of Chicago* v. *Smith*, 48 Ill. 107; *Chapman* v. *Carney*, 50 id. 512; *Reno* v. *Wilson*, 49 id. 95.

The assault, in this case, was outrageous and brutal in the extreme, to say nothing of its consequences to the plaintiff, which should be considered. *Jones* v. *Jones*, 71 Ill. 562.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was an action of trespass *vi et armis*, brought by the appellee, to recover damages for injuries resulting from an alleged assault and battery. A trial resulted in a verdict for $1000, and judgment thereon by the circuit court, which, on appeal to the Appellate Court for the Third District, was affirmed. The defendant below now prosecutes this farther appeal.

The argument of counsel is mainly directed to a discussion of the facts, which we are not permitted to consider, farther than may be necessary to determine whether the law was correctly given to the jury by the trial court.

There is no complaint that instructions asked by defendant were improperly modified or refused. The first instruction given at the instance of plaintiff, told the jury, that if they believed, from the evidence, that the defendant wrongfully, and in an angry manner, assaulted the plaintiff, and pushed

and threw her against a lounge, and thereby fractured one of her ribs, and bruised her, etc., they should find the defendant guilty, etc. While no attempt is made in this instruction to define assault and battery, yet if one be assaulted by another, an assault being a violent attempt, coupled with a present ability, to do a bodily injury, and a battery actually occurs, the offence of assault and battery is complete. The instruction, therefore, stated the law with substantial accuracy.

The second instruction, after giving a correct definition of an assault and battery, told the jury, that if they believed, from the evidence, that, etc., they should find the defendant guilty, "unless they further believe, from the evidence, that such assault was in reasonable or apparently reasonable defence, and the force and violence used by defendant were no more than a reasonable man would have deemed reasonably necessary in such defence." The instruction does not correctly embody the law of self-defence, but the most careful consideration of the evidence will fail to disclose any element of the right of self-defence, and the instruction, for that reason, with others, should have been refused, but it could not have prejudiced defendant, and is not, therefore, reversible error.

The remaining instruction, criticised by appellant, said to the jury, in substance, that if they found the defendant guilty, and found that the assault and battery was unprovoked by plaintiff, and was wantonly, maliciously and willfully inflicted, and plaintiff was seriously injured thereby, then, in fixing the amount of plaintiff's damages, the jury were not confined to the actual damages proved, but they might give, in addition thereto, such exemplary damages or smart money, as, in their judgment, will be just and proper, etc., under the evidence. This instruction correctly stated the rule as to punitive damages, as we understand it.

The case of *Wabash, St. Louis and Pacific Railway Co.* v. *Rector*, 104 Ill. 296, is cited by counsel as announcing a contrary rule, and it is said it is there held that it is prejudicial

error to instruct the jury that the plaintiff *was entitled* to such (punitive) damages, above the actual damages sustained. We understand the court in that case to have so held, the distinction being drawn between the plaintiff being "entitled to recover" and the right of the jury to give punitive damages, and not that the punitive damages, which the jury may give in a proper case, are "above or in addition" to the actual damages sustained, as seems to be supposed by counsel. It is said in that case: "Where an injury is wantonly and willfully inflicted, the jury may, in addition to the actual damages sustained, visit upon the wrongdoer vindictive or punitive damages, by way of punishment for such willful injury,"— and such is the rule laid down by the authorities. But it is farther said, that while, in such a case, the jury may award punitive damages, it is error to tell them that the plaintiff is "entitled" to recover the same. Without pausing to notice the distinction thus drawn, it will be observed that the instruction complained of falls directly within the rule approved in that case.

Finding no error in this record, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*