## Abraham Barker v. Pearl J. Ronk.

1. MALICIOUS PROSECUTION—*when peremptory instruction should not be given in action for.* A peremptory instruction should not be given in an action for malicious prosecution where the facts relied upon as showing probable cause are controverted and the evidence as to their existence is conflicting.

2. MOTIVE—*what evidence competent to establish.* In an action for malicious prosecution, the defendant may himself testify as to his motive and may state that he was not actuated by malicious ill will or desire to harass the plaintiff in instituting or conducting the proceedings complained of, and that he honestly believed in the plaintiff's guilt or liability.

3. NEW TRIAL—*when newly discovered evidence not ground for.* Newly discovered evidence is not ground for a new trial where it does not appear that the evidence referred to could not have been produced on the trial by the exercise of due diligence.

Action in case. Appeal from the Circuit Court of Sangamon county; the Hon. R. B. SHIRLEY, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

PATTON & PATTON, for appellant.

JAMES E. DOWLING and ROBERT H. PATTON, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case for the recovery of damages for alleged malicious prosecution and false imprisonment. The plaintiff, upon a trial by jury, recovered a judgment for $500 from which this appeal is taken by the defendant.

The evidence shows that appellee and one Evans, who were employed in a coal mine at Girard, went to Springfield on a Saturday evening, arriving there the following morning. They took with them a lot of junk consisting of iron, rubber, brass and some brass boxing which they picked up along the railroad right of way. Upon their arrival at Springfield, they left the junk in a feed yard and called upon appellant, who was a junk dealer, and took him to see the junk with a view of selling it to him. Appellant refused to buy the boxing, but bought the remaining junk including some brass weighing from 100 to 130 pounds, all of which was placed in a shed in appellant's junk yard. It being Sunday, appellant was unable to then weigh

the junk, but paid appellee on account of the purchase the sum of five dollars, agreeing to pay the balance the next time appellee came to Springfield, with a load of junk. On the following morning appellant went to his yard for the purpose of weighing the junk and found the brass missing, and junk of the value of $1.18 only remaining. Appellee returned to Springfield about two weeks later with another load of junk. After selling the same to Morris, also a junk dealer, he called upon appellant and demanded the balance due him, whereupon appellant accused him of having returned to the yard after selling him the first load of junk, and stolen the brass.

Some altercation followed, after which appellant caused the arrest of appellee upon the charge of larceny. Appellee was taken to the county jail, where he remained for two days. A warrant was then issued for his arrest, upon complaint of appellant. He was taken before a police magistrate and upon a hearing discharged, thus terminating the prosecution.

The first ground urged for reversal is that the court erred in refusing a motion made by the defendant at the close of all the evidence, to instruct a verdict of not guilty. It is insisted that a clear preponderance of the evidence failed to show that appellant did not have probable cause for causing the arrest and prosecution of appellee; in other words, that the circumstances under and by which appellant sought to justify such action were sufficiently strong in themselves to warrant a cautious man in the belief that appellee was guilty of the offense charged (Palmer v. Richardson, 70 Ill. 543); and further, that no facts were established by the evidence tending to show malice, or from which malice could probably be inferred.

Appellant testified that on the day of and prior to the arrest, he saw appellee going to Morris's junk yard; that he accosted him and the following conversation took place: "I says, 'You are the fellow I am looking for, do you remember the time you was

here last? You know that brass you left at my place. No sooner you left the yard when the brass was gone and you took them. I paid you the money on that stuff and I want the money on the brass.' He denied taking it, then I says, 'You can't tell me that because nobody else knowed anything about that brass being there, and I have got lots of tools scattered around the yard and I never miss anything; nobody took this stuff but you,' and he said he sold a load of stuff to Morris and he would go down there and get the money and come back and straighten up with me. I waited for him to come back and he didn't come back and I was standing there with two of my men and told them to watch his team so he didn't get away, and I went over to the police station. After I waited, I think, about fifteen or twenty minutes I told the police to go and get him."

Charles Barker and one Traeger, employes of appellant, the former a cousin, testified that they were present at the interview and substantially corroborated appellant's version of the conversation. Appellee denied that either the interview or the conversation ever occurred, and both he and Evans further testified that at the preliminary examination before the magistrate, appellant did not testify to having had such a conversation.

It is urged by counsel for appellant that the fact that appellee offered the junk for sale on Sunday, his anxiety to dispose of it immediately, his possession of the railroad boxing, the further fact that the brass was stolen so soon after its purchase, and that appellee failed to return with another load of junk as he had agreed, together with his agreement and failure to get the money from Morris and return and pay for the stolen brass, constituted reasonable grounds for suspecting appellee of the theft. It is manifest that the circumstances detailed other than the alleged conversation, would not in themselves be sufficient to constitute probable cause.

Barker v. Ronk.

Upon the question as to whether such conversation took place, the evidence was conflicting and while the preponderance of the evidence, as it appears in the printed abstract, apparently supports appellant's testimony in that respect, we are not prepared to say that it so clearly does so, as to warrant our disturbing the verdict of the jury who saw and heard the witnesses testify.

Where the facts relied upon as showing probable cause are controverted and the evidence as to their existence is conflicting, it is very clear that they must be settled by the verdict of the jury before the court can apply the law to them. In such case the practice in this state, and many others, has been to treat it as a mixed question of law and fact to be submitted to the jury under instructions as to what amounts, in law, to probable cause. Schattgen v. Holnback, 149 Ill. 652; Elliott on Evidence, vol. 3, sec. 2473.

When all the facts and circumstances proven show a want of probable cause for the arrest and imprisonment of the plaintiff on a charge of crime, the jury may take this fact into consideration, and from it infer malice, not as a matter of law, but as a conclusion of fact. Roy v. Goings, 112 Ill. 656.

It is next urged that there was error in the action of the court in sustaining an objection to the following question put to appellant: "Well, I will ask you to state what was the condition of your mind at the time you swore out the warrant with respect to believing or not believing that this man had stolen the brass." The ruling in question was erroneous. The defendant may himself testify as to his motive and that he was not actuated by malice, ill will, or desire to harass the plaintiff, in instituting or conducting the proceedings complained of, and that he honestly believed in the plaintiff's guilt or liability. 9 A. & E. Ency. 695, and cases cited; Sherburne v. Rodman, 51 Wis. 474; Heap v. Parrish, 104 Ind. 36.

The error, however, could not have affected the ver-

dict, as appellant, upon cross-examination, testified as to a conversation with appellee prior to the arrest, in which he stated to him in detail the grounds for his belief that appellee was guilty of the theft.

The trial court properly held that the affidavit of appellant as to the newly discovered evidence of one Morris was insufficient to warrant the granting of a new trial. It does not appear therefrom that the evidence referred to, could not have been produced on the trial by the exercise of due diligence. Although the cause had been pending for over eight years it is not averred that any effort was made by appellant during that time to collect his evidence.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*