**Mary F. Coolahan, Appellee, v. Marshall Field & Company, Appellant.**

**Gen. No. 15,490.**

1. INSTRUCTIONS—*approved form in action for false imprisonment*. The following instruction upon this subject is approved:

"The court instructs the jury that in order to sustain a charge of false imprisonment it is not necessary for the plaintiff to show that the defendant used violence or laid hands upon her or shut her up in jail or prison; but it is sufficient to show that the defendant at any time or place in any manner restrained the plaintiff of her liberty or detained her in any manner from going where she wished or doing what she wished, provided this was done without legal authority, as explained in these instructions."

2. INSTRUCTIONS—*how to be construed*. Instructions are to be regarded as a series and the omissions of one may be supplied by the contents of another.

3. INSTRUCTIONS—*when in action for false imprisonment not erroneous.* *Held,* that the instruction complained of in this case did not justify the jury in fastening liability upon the defendant for unauthorized acts.

Trespass. Appeal from the Superior Court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed January 23, 1911. Rehearing denied February 6, 1911.

FRANK P. LEFFINGWELL, for appellant.

GILBERT & GILBERT, for appellee; LYNDEN EVANS, of counsel.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

In trespass for arrest and false imprisonment plaintiff had judgment for $750, and the defendant appealed. Plaintiff and Mrs. Smith were arrested in the basement salesroom of the defendant's store by Anson L. McCallum, who was not in the service of, or in any way connected with, the defendant. He took them to the first floor of the store and called his brother, W. W. McCallum, who was an usher or floor walker in the service of the defendant. As to what occurred after W. W. McCallum responded to the call of his brother, the testimony is conflicting. The testimony for the plaintiff tended to show that Anson McCallum said to his brother that he had a couple of women who had stolen a handkerchief in the basement, and said, "You take this one (the plaintiff) and I will take the other;" that W. W. McCallum took plaintiff by the arm and accompanied by his brother and Mrs. Smith went to the office of Michael P. Ford, an assistant superintendent; that they were taken in to Ford's office, where Ford was sitting at a desk, the door closed, and there in the presence of Ford and W. W. McCallum, Anson McCallum searched the plaintiff; that after they had been in the room some time, Ford and W. W. McCallum left the room; that Anson McCallum was called out and

soon returned, said a mistake had been made, and plaintiff and Mrs. Smith then left the room.

W. W. McCallum testified that his brother said to him that he had a couple of women who had stolen a handkerchief in the basement, and asked where he would find the department to which such persons were taken; that witness told him Mr. Ford's office, which he knew was the office where they took persons that were stealing in the store; that he walked in front of his brother to the railing around the office, but did not go into the office and did not touch the plaintiff.

Ford testified that he was standing in the outer office when the McCallums and the women came to the office; that he opened the gate in the railing, Anson McCallum went through into the private office and the two women followed him; that Anson McCallum said, "This woman, or one of these women, has taken a handkerchief;" that he immediately went out into the outer office, sent for W. W. McCallum, and learning that the other man was not connected with the house, went back into the private office and said, "Ladies, this is a matter that Marshall Field & Co. have nothing to do with;" that the women continued talking to Anson McCallum until he told them that he wanted to use the office for another purpose. He also testified that, "I had the looking after theft; that was all in my care."

It is contended that the court erred in giving certain instructions for the plaintiff and in refusing one asked by the defendant. This is instruction 1:

"The court instructs the jury that in order to sustain a charge of false imprisonment, it is not necessary for the plaintiff to show that the defendant used violence or laid hands upon her or shut her up in jail or prison; but it is sufficient to show that the defendant at any time or place in any manner restrained the plaintiff of her liberty or detained her in any manner from going where she wished or doing what she wished, provided this was done without legal authority, as explained in these instructions."

It is a sufficient answer to the objection made to this

instruction that it was given in Hawk v. Ridgway, 33 Ill. 473, and there held free from objection.

This is plaintiff's instruction 2:

"The court instructs the jury that if they believe from the evidence that the defendant, by its agent or agents, on the 22nd day of December, A. D. 1902, took the plaintiff into its custody and there kept her, and led her through its store to a private room, and there searched and accused her of stealing a handkerchief, as charged in the. plaintiff's declaration, then they will find for the plaintiff and assess, the plaintiff's damages at such sum as they believe from the evidence will compensate the plaintiff for injuries she may have suffered, if any, from the aforesaid acts of the defendant."

It is contended that this instruction was held erroneous in I. C. R. R. Co. v. King, 179 Ill. 91. This is the instruction given in that case: "The court instructs you that if you believe, from the evidence, that the injury complained of was wantonly and willfully inflicted, as charged in the declaration, then the plaintiff will be entitled to recover, although you may believe, from the evidence, that plaintiff was guilty of some negligence." It was held erroneous because it omitted the requirement that the brakeman was acting within the line of his duty and the scope of his employment. Plaintiff's instruction 2 told the jury that if the defendant did certain acts, then the jury should find for the plaintiff, etc. The instruction in the King case told the jury that "if the injury complained of was wantonly and willfully inflicted as charged in the declaration," the plaintiff was entitled to recover, etc.

Defendant's instruction 13 told the jury that if some servant of the plaintiff did assault or arrest the plaintiff, plaintiff was not entitled to a verdict if the jury believed from the evidence that such servant in making such assault or arrest, "was not acting within the general scope of his employment." We think that, taking this instruction in connection with plaintiff's instruc-

tion 2, the defendant has no just cause to complain of the instruction in question.

Plaintiff's instruction 3 is not, in our opinion, subject to the objection that it assumes that the defendant did arrest the plaintiff.

What has been said as to the plaintiff's instruction 2 disposes of the objection to plaintiff's instructions 4, 5 and 6, in each of which the jury were told that if "the defendant" did certain acts, then, etc.

This is the instruction that it is contended that the court erred in refusing to give for defendant:

"The jury are instructed that the plaintiff cannot in any event recover a verdict which shall be based upon anything that was said or done to her while she was in the store of Marshall Field and Company on the day in question, and before she arrived at the office of Mr. Ford."

The court instructed the jury that they should not consider anything that was said or done to the plaintiff while she was in the basement of defendant's store or going from the basement to the first floor. Appellant contends that the acts done by W. W. McCallum did not amount to an assault, arrest or false imprisonment, as alleged in the declaration, and therefore the court erred in refusing to give said instruction. Whether the acts of W. W. McCallum did or did not amount to an assault, arrest or false imprisonment of the plaintiff, and whether in committing such acts he was acting within the line of his duty and scope of his employment, were, we think, on the evidence, questions of fact for the jury, and not of law for the court. Field v. Kane, 99 Ill. App. 1.

Appellant further contends that the evidence does not show that plaintiff was assaulted, arrested or detained against her will by any authorized agent or servant of the defendant, and therefore a verdict of not guilty should have been directed, or at least that the judgment should be reversed on the ground that it is against the evidence. There is no evidence tending

Coolahan v. Marshall Field & Co., 159 Ill. App. 466.

to show that plaintiff had committed any crime, and if, therefore, she was arrested or imprisoned, it was without legal authority.    From the evidence the jury might properly find that W. W. McCallum, the usher or floor walker of the defendant, on being informed that the plaintiff had stolen a handkerchief from the defendant, designated as the place to which she should be taken the office of Ford, which he knew was the place where they took people that were stealing in the store; that he assisted in taking plaintiff to said office and took hold of her arm.    If he touched her for the purpose of compelling her to go with him, that was an assault, an arrest, and if against her will he took her to that office, thereby restraining her of her liberty, that was an imprisonment.    As to Ford, the jury might properly find that he was in charge and control of a room in defendant's store where they took people that were stealing in the store; that while he was present in said office, plaintiff was brought into the office, the statement made that she had stolen a handkerchief, and that there in his presence she was searched by Anson McCallum.    The jury found specially in answer to interrogatories that W. W. McCallum arrested the plaintiff, but such finding is not conclusive on the question whether Ford was also guilty of falsely imprisoning her.

In our opinion the damages awarded cannot be held so excessive as to justify a reversal of the judgment.

We think that the evidence is sufficient to warrant and support the verdict, and that the court did not err either in refusing to direct a verdict for the defendant or in overruling defendant's motion for a new trial, and the judgment will be affirmed.

*Affirmed.*