### Ethel A. Winans, Appellee, v. Congress Hotel Company, Appellant.

### Gen. No. 27,768.

1. MALICIOUS PROSECUTION—*sufficiency of disclosure to counsel as to probable cause.* A peremptory instruction for defendant in an action for malicious prosecution is properly denied, notwithstanding defendant's evidence that it made a full, fair and truthful statement of the facts within its knowledge to reputable counsel who advised that there was probable cause for the criminal prosecution and that the complaint was examined by a magistrate and by him indorsed with statement that he was satisfied that there was probable cause for filing the complaint, where there is some evidence from which the jury might reasonably conclude that full and fair disclosure had not been made.

2. FALSE IMPRISONMENT—*evidence of false arrest for defrauding hotel.* A false arrest of plaintiff on charge of having procured hotel accommodations and then left the hotel, without paying therefor, with intent to cheat and defraud the hotel, is shown by evidence that plaintiff had been a guest at such hotel with her husband, that upon being pressed for payment of the bill she unsuccessfully endeavored to get the necessary funds to pay the amount claimed, that thereafter officers of the hotel company threatened her with arrest and that subsequently she was ejected from the hotel and arrested by the house detective without a warrant, although no physical force was used, and was detained as a prisoner in the police station, although no warrant had been issued for her arrest, and that she was subsequently acquitted of the criminal charge brought against her.

3. MALICIOUS PROSECUTION—*when settlement of case is not admission of probable cause.* In an action for malicious prosecution of plaintiff for defrauding a hotel, plaintiff is not estopped to deny that defendant had probable cause for her arrest by the fact that after the arrest and prior to her hearing she paid the hotel bill in question, where the evidence shows, not only that there was no agreement that the criminal case should be dropped on account of payment, but that the charge was tried and plaintiff acquitted after hearing.

4. MALICIOUS PROSECUTION—*admissibility of evidence.* In an action for malicious prosecution of plaintiff for obtaining accommodations with intent to beat and defraud a hotel, it is not error for the court to refuse to admit in evidence a bill of divorce filed by plaintiff against her husband more than a year after the date of plaintiff's arrest for not paying the hotel bill, in which divorce bill cruelty and nonsupport are charged, and it is alleged that the plaintiff has no means of subsistence, where such bill of divorce does not contradict the plaintiff in any material respect.

5. FALSE IMPRISONMENT—*inference of malice from want of probable cause.* An instruction, in an action for false imprisonment, that malice may be inferred from want of probable cause is not erroneous.

6. HARMLESS AND PREJUDICIAL ERROR—*invited error in instruction not prejudicial.* A defendant in malicious prosecution cannot object to the giving of an instruction on the right to recover exemplary damages which does not make the right to recover such damages dependent upon malice, where plaintiff offered an instruction so qualified and to which an objection by defendant was sustained.

7. MALICIOUS PROSECUTION—*sufficiency of instruction on right to recover exemplary damages.* An instruction in malicious prosecution that the assessment of punitive damages must depend upon

the findings of defendant guilty as charged in the declaration, on some count thereof, is correct, where the different counts allege wilfullness and wantonness in falsely arresting and prosecuting plaintiff.

Appeal by defendant from the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding. Heard in this court at the March term, 1922. Affirmed. Opinion filed December 11, 1922. *Certiorari* denied by Supreme Court (making opinion final).

MANCHA BRUGGEMEYER, for appellant.

FYFFE & CLARK and EARL J. SMITH, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

In this case the plaintiff, who is appellee here, sued the defendant in an action on the case. She filed a declaration of five counts; in two of these she alleged damages by reason of a false arrest and imprisonment, and in three counts damages by reason of the malicious prosecution of a criminal action. The defendant filed a plea of the general issue, and certain special pleas which were afterwards withdrawn under a stipulation which provided that the defendant might under the general issue offer any defense that might have been pleaded under any special plea filed. The cause was tried by a jury, which brought in a verdict finding the defendant guilty, and assessing the plaintiff's damages at $3,000, and on this verdict the court, overruling a motion for a new trial by defendant, entered judgment.

The defendant is a well-known hotel in the City of Chicago. It had a house detective, one John V. Lacey, who by the direction of its officers, on July 12, 1919, obtained leave to file an information in the municipal court of Chicago, which charged that the plaintiff, on June 8, 1919, had put up at the hotel and procured room and board and other accommodations, amount-

ing to $815.25, had left the hotel, without paying therefor, with intent to cheat and defraud the hotel. The prosecution was brought under section 155a, ch. 38, Hurd's Rev. St. pp. 1025, 1919 [Cahill's Ill. St. ch. 38, ¶ 358].

A judge of the municipal court certified that there was probable cause for filing the same, and the record shows that the court found defendant was arrested without warrant, and ordered her into custody forthwith. She waived a trial by jury, and the cause was submitted to the court. By agreement of the parties the trial was set for July 25, 1919, and the court, "after being fully advised in the premises, finds defendants not guilty of offense charged, and defendant is discharged." This suit for damages followed. The defendant, at the close of all the evidence, made a motion for an instruction in its behalf, which was denied by the court, and the argument here seems to be that the court erred in so ruling. As to the counts which charged malicious prosecution, it is said there was an utter failure on plaintiff's part to sustain the burden cast on her to show, by the proofs, both malice and want of probable cause. It is further urged, as to these counts, that the uncontradicted evidence showed complete defenses, first, in that, prior to beginning the criminal prosecution, defendant made a full, fair and truthful statement of the facts within its knowledge to reputable counsel, who advised that there was probable cause for the criminal prosecution; secondly, that the complaint made was examined by the judge, and by him indorsed with the statement that he was satisfied that there was probable cause for filing the complaint, and it is said that this indorsement of the judge has the same effect as the advice of counsel, and is a complete defense. That such is the rule of law, where a full and complete disclosure of the facts is made in good faith, either to a reputable attorney or to an examining magistrate, is settled by many decisions, the

leading case being *Glenn v. Lawrence,* 280 Ill. 581. An examination of the evidence, however, indicates that there was some evidence from which the jury might reasonably conclude that such full and fair disclosure had not been made, and this being the state of the record, it was not error to deny defendant's motion.

In support of this assignment of error, the defendant argues, as it necessarily must, that there is no evidence tending to sustain the allegations of the counts of the declaration which charged a false arrest by one of the agents of defendant.

The facts in this record are that the plaintiff was at the time in question the wife of one Wesley W. Winans. They had been living at Winnipeg, Canada, where the father and mother of plaintiff also resided, and the family were, apparently, held in high esteem. The husband came alone to defendant's hotel on June 8, 1919; the plaintiff coming direct from Winnipeg and, at the request of her husband, arrived at the defendant's hotel on June 24, was registered by her husband and assigned with him to the room, previously occupied by the husband, and which they thereafter occupied together. Two days after her arrival, on June 26, she was taken very ill, and her husband summoned the house physician, Dr. J. M. Blake. She testifies that she was very ill for three days and was confined to her room for five days. On July 7, she learned for the first time that the hotel was pressing for payment of their bill. The matter was taken up by Mr. Edwards, the secretary and treasurer of the defendant company, and Mr. Tyson, also an officer of the defendant. With their knowledge and approval, Mrs. Winans made efforts to get the necessary funds from her lawyer at Winnipeg, from her parents there and from her brother in a distant city. She used the telephone and telegraph, but her efforts, for reasons not now necessary to consider, were unavailing, and finally plaintiff's father, in response to a query by wire

from the defendant hotel as to whether he would render financial assistance, replied by wire, "No." Thereupon defendant consulted an attorney, and decided to take action in the prosecution of plaintiff under the provisions of the Criminal Act referred to. On the 11th of July, about three o'clock in the afternoon, Mr. Edwards came to plaintiff's room. She was alone. He told her that he had received a wire from her father saying "No," and she says "told me that I would have to take a trip to the police station." She told him that she insisted on seeing Mr. Turner of the Bank of Montreal, who, the evidence shows, knew her family and knew her in her childhood. Mr. Edwards left the room, whereupon she tried to reach Mr. Turner by telephone, but was informed that he had left the office for the day. She succeeded, however, in reaching another friend of her family, Mr. Galt, who at once came to the hotel. She says Mr. Lacey came up to her room. "He told me I was going to jail. He said 'I told them all the time you are no good and thieves and I know it.' He stayed until I had time to pack. Mr. Winans telephoned while Mr. Lacey was in the room, and I told him to come to the hotel. He came in about ten or fifteen minutes. Mr. Lacey told Mr. Winans to pack up as quickly as he could; that he had a warrant for our arrest. * * * Our trunks were taken out of our rooms by a man with one of those trunk things. We were taken out of our room by Mr. Lacey. No one was with him. We went down in the elevator, out in Michigan avenue, and walked south to the end of the Congress Hotel to Harrison street. Mr. Winans, Mr. Lacey and myself were in the party. I had not to my knowledge seen Mr. Lacey before that afternoon. When we got to Harrison and Michigan avenue, two detectives were waiting. Mr. Lacey left us with these men. They asked me if I would rather take a taxi, and I thought I would rather walk. We walked to the police station, about five blocks."

An additional abstract of the record shows that Lacey came to plaintiff's room, left his hat on; that when she got out a little suit case to pack up her things, he said, "Oh, none of that, you will pack a paper parcel and a brush and comb and tooth brush, you don't pack anything like that when you go to jail." Further that Mrs. Winans had explained to Dr. Blake that she had been in a hospital in Winnipeg about six or seven weeks before having undergone an operation there.

It further appears that at the police station the plaintiff was put in a room with six or eight women, one of whom was very much intoxicated, another woman who had cut her husband's throat and another a thief. It is undisputed that the information given to plaintiff at this time, that they had a warrant for her, was untrue. We think the facts were sufficient to show an unlawful arrest. It is not necessary that physical force shall be used in order to constitute false imprisonment. *Hawk v. Ridgway,* 33 Ill. 473; *Coolahan v. Marshall Field & Co.,* 159 Ill. App. 466. The offense of which the plaintiff was accused was a misdemeanor, not a felony. Lacey had, in fact, no official authority to make the arrest. He acted as the representative of the defendant in doing so, and the burden is therefore upon defendant to justify his conduct. In *Enright v. Gibson,* 219 Ill. 550, the court said:

"The policy of the law in this State seems to be that a citizen must not be permitted to take the law into his own hands and to make arrests upon suspicion or upon probable cause of guilt."

And after considering the case of *Dodds v. Board,* 43 Ill. 95, the court there said:

"We think this case a clear announcement of the rule in this State that before a private citizen can justify an arrest made by him, he must show, not only that a crime has, in fact, been committed, but that the person arrested is guilty of the crime. This case was

followed and quoted with approval in *Kindred v. Stitt*, 51 Ill. 401, and to the same effect is *Johnson v. Von Kettler*, 84 Ill. 315."

On the record before us it must be held that Mrs. Winans was not guilty of any crime or offense. It follows that the court did not err in refusing the motion to direct a verdict in defendant's favor.

Appellant further makes the complaint that there could be no recovery under the counts for malicious prosecution because he says there was a compromise or settlement of the case between the parties which amounts to an admission of probable cause by which the plaintiff is estopped to subsequently deny it. In support of this contention appellant cites *Emery v. Ginnan*, 24 Ill. App. 65; *Rosenberg v. Hart*, 33 Ill. App. 262; 53 L. R. A. (N. S.) 1915a, page 601, and *Mayer v. Stern*, 222 Ill. App. 667. With reference to this contention it is only necessary to say that an examination of the evidence fails to disclose that there was any compromise. It is true that the bill of the defendant company against both Mrs. Winans and her husband was paid by her with money obtained from her mother prior to the date that the hearing was had on the charge against her, but there is no proof of any agreement that the criminal case would be dropped on account of such payment. On the contrary, the record of the trial in the municipal court sets forth that the court heard the testimony of the witnesses and the arguments of counsel and found the defendant not guilty. There is therefore no basis in the evidence for this contention.

Another error assigned and argued is that the court refused to admit in evidence a bill of divorce which was filed by plaintiff against her husband on October 25, 1920, more than one year after July 11, 1919, the day upon which the arrest was made. This bill, in substance, alleged that plaintiff's husband had been guilty of extreme and repeated cruelty and neglected

to furnish her and her child with necessary food and clothing; that shortly after their marriage he commenced the excessive use of intoxicating liquors and averred for more than two years last past he had been subject to habitual drunkenness and unable to attend to his usual business, was addicted to the use of drugs, and while thus intoxicated was quarrelsome and ill-treated his family. Further, that she was then without means of subsistence, and entirely dependent upon the assistance of her friends. The bill was signed by complainant by her solicitors, and was not sworn to, but there was offered with it a stipulation, personally signed by her, that the cause should be heard upon the bill, answer and replication as a default matter. This stipulation was filed October 25, 1920. We do not think this bill, even if admissible, contradicted the evidence of the plaintiff upon any material point, and that the court therefore did not err in this respect. *Benedict v. Dakin,* 243 Ill. 384.

The defendant complains of instruction No. 4 given on behalf of the plaintiff in which the court told the jury:

"As to counts 1 and 2, if you believe from a preponderance of the evidence under the instructions of the court that the defendant caused the arrest and prosecution of the plaintiff and that it had not probable cause to believe the plaintiff guilty of the crime charged, then and in such case you may infer malice from such want of probable cause."

This instruction substantially as given has been approved by the Supreme Court in *Roy v. Goings,* 112 Ill. 662, and has been followed in the cases of *Treptow v. Montgomery Ward & Co.,* 153 Ill. App. 422, and *Barker v. Ronk,* 134 Ill. App. 499.

Complaint is also made of the second instruction given by the court on behalf of plaintiff, which was as follows:

"The court instructs the jury that if they believe from a preponderance of the evidence, under the in-

structions of the court, that the defendant is guilty as charged in plaintiff's declaration or some count thereof, they should assess the plaintiff's damages, if any, and in such case the jury may give exemplary damages if the jury believe the evidence warrants exemplary damages; and exemplary damages are such damages as will punish the defendant for the wrong done, if any, to the plaintiff, and furnish an example to deter others from like practices.''

The defendant's criticism of this instruction is not quite plain. It says that the measure of damages is for the jury under the evidence, but that whether the facts of a given case bring it within the rule under which punitive damages may be assessed is a question of law, and that the jury should have been instructed that before punitive damages may be awarded they must find that the wrongful act was characterized by circumstances of aggravation, such as malice, wantonness, etc. The record shows that the plaintiff requested the court to give another instruction in which the law was stated to be that in order to warrant the giving of exemplary damages, the jury must find that the defendant was actuated by malice. The defendant objected to the giving of this instruction, and the court sustained the objection. It would seem that the defendant is hardly in a position to complain of this alleged error, which (if error it was) apparently was made on defendant's own suggestion. *Swartout v. Swartout,* 207 Ill. App. 463.

Moreover, the different counts of the declaration alleged wilfulness and wantonness, and the instruction tells the jury that the assessment of punitive damages must depend upon the finding of defendant guilty as charged in the declaration or some count thereof. We think the instruction is not, in substance, different from that approved by the court in *Harrison v. Ely,* 120 Ill. 83.

Complaint is also made of instruction No. 10 given for plaintiff, but as defendant requested an instruction

based upon a similar rule of law, the complaint is without merit.

We think there is no reversible error in the record. The arrest of plaintiff was wholly unwarranted, the information submitted to the court upon which the warrant issued after the arrest was made was clearly untrue in material respects, and we think the verdict of the jury was justified under all the circumstances disclosed by the evidence. The judgment will be affirmed.

*Affirmed.*

McSURELY, P. J., and DEVER, J., concur.