ROBERT WALLACE MOEN, JOSEPH FRANK VILLANI AND FRED ANGELOH, Appellants, v. LAS VEGAS INTERNATIONAL HOTEL, INC., Formerly Known as NEVADA INTERNATIONAL HOTEL, INC., Doing Business as the LAS VEGAS HILTON; JAMES NEWMAN; BUD HAINES and BARRON HILTON, Respondents.

No. 7431

April 19, 1974          521 P.2d 370

*Robert K. Dorsey,* of Las Vegas, for Appellants.

*Lionel Sawyer Collins & Wartman,* and *Steve Morris,* of Las Vegas, for Respondents.

# OPINION

By the Court, ZENOFF, J.:

Robert Wallace Moen, Joseph Frank Villani and Fred Angeloh are three 21 dealers formerly employed by the Las Vegas Hilton Hotel in Las Vegas. They were discharged in June of 1972 at a time when the Clark County Sheriff's office was investigating a cheating ring said to be operating within the county. Extensive news coverage attended the investigation. While it was in progress several dealers and management of some of the casinos in the area were interrogated by investigators from the sheriff's department.

Appellants were discharged at the time the investigation was under way. They brought these combined actions upon their asserted claims that each of them was wrongfully discharged from his employment, falsely imprisoned and maliciously defamed because of their alleged or implied association with the cheating ring.

1. None of the appellants alleges use of force, threats or violence against him and all of them acknowledge that they submitted to questioning and that their only fear was the loss of their jobs.

Submission to mere verbal direction of another unaccompanied by force or threats of any character does not constitute false imprisonment. Lerner Shops v. Marin, 83 Nev. 75, 423 P.2d 398 (1967); NRS 200.460(1). Apprehension that one might in the future lose one's job or be prosecuted for theft is not force or the threat of force which is necessary to establish false imprisonment. Roberts v. Coleman, 365 P.2d 79 (Ore. 1961).

2. Moen, Villani and Angeloh charged the respondents with having made false and defamatory statements affecting their professional reputations. The record does not substantiate their accusations. The most that can be discerned is that whatever comments were made, if any, were spoken by sheriff's deputies who were acting independently of these respondents.

Even though the three dealers were discharged during a well-publicized investigation into cheating, the fact of discharge by itself does not amount to a slanderous accusation. Wells v. Shop Rite Foods, Inc., 474 F.2d 838 (5th Cir. 1973). The timing of a discharge is not alone sufficient to support an action of slander.

Other issues raised are equally without merit. The appellants were unable to set forth specific facts showing there was a genuine issue for trial. The summary judgment of the trial court is affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and BATJER, JJ., concur.