ROSLYN MARCUS, Plaintiff-Appellant, v. SAMUEL LIEBMAN, Defendant-Appellee.

First District (1st Division)   No. 76-286

Opinion filed April 17, 1978.

Edward A. Berman and Lewis W. Schlifkin, both of Edward A. Berman, Ltd., of Chicago, for appellant.

Jerald A. Kessler, of William D. Maddux, Ltd., of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This is an action for false imprisonment by a patient against a psychiatrist. The cause proceeded to trial before a jury and at the close of plaintiff's case, the trial court, pursuant to defendant's motion, entered a directed verdict in defendant's favor. After denial of her post-trial motion, plaintiff filed this appeal.

On appeal the plaintiff contends that the trial court incorrectly entered a directed verdict for the defendant because there was a question of fact for the jury to resolve.

We reverse and remand.

Plaintiff testified that in July of 1970 she was having difficulty sleeping, was "completely overwrought" and at the recommendation of her psychologist, Dr. Bass, decided to enter a hospital for several days of rest. On July 20, 1970, plaintiff voluntarily admitted herself as a patient at Lutheran General Hospital where she was placed in the psychiatric wing and introduced to the defendant psychiatrist, Dr. Liebman, for the first time. Plaintiff testified that during one of her first sessions with the defendant she began throwing things at him because she did not want him as her doctor; that she was then placed in restraints after which she began screaming and singing in order to annoy people; and that after a drug was administered to calm her down, she was removed from the restraints.

Plaintiff went on to testify that during her fourth day in the hospital she informed Dr. Liebman that she wanted to sign a release paper which

made mandatory her release within five days of signing the form. Dr. Liebman gave her the form and she signed it. Several days later, the defendant told her to rescind her request for release. He instructed her to "sign this piece of paper or you will be committed to Elgin State Hospital." Plaintiff testified that although she told the defendant she wanted to be released and that he had no right to force her to sign that piece of paper, she was frightened and, believing the defendant could actually have sent her to Elgin State Hospital, signed the paper thus rescinding her prior request to be released. Plaintiff admitted that while a patient at Lutheran General Hospital she took trips outside the hospital to see movies and to bowl. She also stated that she was eventually released from the hospital on August 19, 1970.

Called pursuant to section 60 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 60), Dr. Liebman denied threatening the plaintiff or telling her he would have her placed in Elgin State Hospital. Dr. Liebman testified that he did tell the plaintiff that if she persisted in her request to leave, a court order could be sought to keep her in the hospital. Dr. Liebman denied telling the plaintiff he would or could seek such an order.

Also called as a witness by the plaintiff was Dr. Cyrus Bass, who had treated plaintiff since 1968 in the capacity of a clinical psychologist. Dr. Bass testified that in July of 1970 plaintiff was disturbed and had become a bit incoherent at times and that he called plaintiff's brother and recommended hospitalization. Dr. Bass visited plaintiff in the hospital on August 5, 1970, and plaintiff told him she wanted to be released from the hospital and from Dr. Liebman's care.

Plaintiff contends that a question of fact was created concerning the issue of false imprisonment and that the trial court, under the standard in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504, erroneously entered a directed verdict in defendant's favor.

■■ False imprisonment consists of an unlawful restraint of individual personal liberty or freedom of locomotion against a person's will. (*Karow v. Student Inns, Inc.* (1976), 43 Ill. App. 3d 878, 357 N.E.2d 682; *Campbell v. Kaczmarek* (1976), 39 Ill. App. 3d 465, 350 N.E.2d 97.) This unlawful restraint may be effected by words alone, by acts alone, or both. (*Hassenauer v. F. W. Woolworth Co.* (1942), 314 Ill. App. 569, 41 N.E.2d 979 (abstract).) Actual force is unnecessary to an action in false imprisonment. (*Winans v. Congress Hotel Co.* (1922), 227 Ill. App. 276.) However, the submission must be to a threatened and reasonably apprehended force. (*Greathouse v. Summerfield* (1887), 25 Ill. App. 296.) The defendant contends that the trial court correctly granted his motion for a directed verdict because plaintiff's apprehension of force or coercion was not reasonable. Defendant cites plaintiff's testimony that she

knew she could be released from the hospital within five days and her statement "you have no right to do that" was made in response to Dr. Liebman's alleged threat to have her committed to Elgin State Hospital. Defendant concludes that even at the moment of the alleged threat plaintiff knew she could leave. We disagree and believe that based upon the record before us the question of whether plaintiff's apprehension of force or coercion was reasonable is a question of fact for the jury. On both direct examination and cross-examination, plaintiff testified that she believed Dr. Liebman could have her committed to Elgin State Hospital if she did not sign the piece of paper rescinding her request to leave. Considering plaintiff's mental condition and the fact that she was behind locked doors in a hospital, the jury could find her belief reasonable. It is true that the plaintiff, since she voluntarily admitted herself, knew that she would be released in five days after so requesting. However, plaintiff signed a piece of paper rescinding that request to leave. Plaintiff never testified that she knew she could leave within five days even though she rescinded her request to leave. In fact, her testimony is to the contrary. We do not say as a matter of law plaintiff's belief was reasonable, but we do believe that this was a question of fact for the jury and afforded no basis for the trial court's entering a directed verdict in defendant's favor.

Defendant also cites the fact that plaintiff received telephone calls, had visitors, and even made trips outside the hospital during her last weeks there in support of the contention that plaintiff's actions were not the result of a reasonably apprehended threat. While the above facts may be relevant to a determination of whether plaintiff's apprehension was reasonable, they are not sufficient to support a directed verdict and are better left to the jury to consider in light of the other evidence.

■■ Defendant further argues that the directed verdict is proper because the threat which gave rise to the alleged false imprisonment was of a future action. Although our research has disclosed no Illinois case involving the threat of a future action the Restatement (Second) of Torts §40, comment b, at 60 (1965) provides:

> "b. The submission must be made to a threat to apply the physical force immediately upon the other's going or attempting to go beyond the area within which the threat is intended to confine him. Submission to the threat to apply physical force at a time appreciably later than that at which the other attempts to go beyond the given area is not confinement.
>
> 2. A tells B that if he leaves the room he, A, will shoot him the next time he meets him on the street. B, in submission to the threat, remains in the room. A has not confined B."

Prosser similarly indicates that "threats for the future, as for example, to call the police and have the plaintiff arrested," are insufficient. Prosser,

Torts §11, at 45 (4th ed. 1971). See also 32 Am. Jur. 2d *False Imprisonment* §16 (1967).

Defendant also calls our attention to an Oregon case, *Roberts v. Coleman* (1961), 228 Ore. 286, 365 P.2d 79, where plaintiff alleged she was coerced into remaining in defendant's store due to threats of possible prosecution for theft. In affirming a judgment for the defendant the Supreme Court of Oregon reasoned:

> "It is the apprehension or fear by which a person is restrained of liberty that may accomplish a false imprisonment, not mere threats of future action." (228 Ore. 286, 296, 365 P.2d 79, 84.)

See also *Moen v. Las Vegas International Hotel, Inc.* (1974), 90 Nev. 176, 521 P.2d 370, where the court held that the "apprehension that one might in the future lose one's job or be prosecuted for theft is not force or the threat of force which is necessary to establish false imprisonment." 90 Nev. 176, 177, 521 P.2d 370, 371.

It is our decision that the instant threat to have plaintiff committed to Elgin State Hospital is not a threat of future action as contemplated by the Restatement, Prosser, or the cases cited by the defendant. The instant threat is unlike one to prosecute in the future, one to cause a person to fear a loss of his job in the future, or apply force appreciably later than the time at which one attempts to escape confinement. The instant threat to have plaintiff committed to Elgin State Hospital was a present threat. The defendant could have initiated commitment procedures immediately. The fact that these procedures could not have been concluded immediately does not change the threat to one in the future. At the time the alleged threat was made plaintiff was already confined. It was certainly reasonable for the plaintiff to believe that before her release commitment procedures could have been concluded.

*Pedrick* enunciates the following standard for determining whether a directed verdict is proper:

> "[V]erdicts ought to be directed * * * only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors [the] movant that no contrary verdict based on that evidence could ever stand." (37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14.)

Considering the testimony at trial, we conclude that the trial court incorrectly directed a verdict for the defendant. Plaintiff's testimony, if believed, established a cause of action for false imprisonment. Although her testimony was contradicted by that of defendant called pursuant to section 60 of the Civil Practice Act, the evidence presented created a question of fact for the jury. That evidence when viewed in its aspect most favorable to plaintiff does not so overwhelmingly favor the defendant that a verdict for the plaintiff could never stand. For the

foregoing reasons, the order of the trial court is reversed, and the cause is remanded for a new trial.

Order reversed; cause remanded.

GOLDBERG, P. J., and DOWNING, J., concur.