HARRY JONES, Indiv. and as Ex'r of the Estate of Clara Jones, Deceased, Plaintiff-Appellant, v. PETROLANE-CIRGAS, INC., Defendant-Appellee.

Fifth District  No. 5—87—0735

Opinion filed August 1, 1989.

Eric L. Terlizzi, of Pfaff, Garner & Terlizzi, of Salem, and William S. Daniel, of Daniel & Mehan, P.C., of Belleville, for appellant.

Gerard B. Gallagher and David L. Joslyn, both of Gallagher & Joslyn, of Oakbrook Terrace, and Lackey & Warner, of Centralia (George C. Lackey, of counsel), for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Harry Jones, who brought this action individually and as executor of the estate of his deceased wife, Clara Jones, appeals from an order of the circuit court of Marion County entering summary judgment against plaintiff and for defendant, Petrolane-Cirgas, Inc. In this cause, plaintiff raises the following issues: (1) whether the trial court erred in granting summary judgment on a remand for a new trial; (2) whether the trial court properly struck plaintiff's amended answers to defendant's Rule 220 (107 Ill. 2d R. 220) interrogatories; and (3) whether the trial court committed reversible error when it denied plaintiff's motion to reconsider. We reverse and remand for a new trial.

This case was previously tried before a jury with judgment in favor of plaintiff and against defendant in the sum of $274,550.68 entered on the jury's verdict by the circuit court. Defendant appealed that judgment and this court in *Jones v. Petrolane-Cirgas, Inc.* (1986), 146 Ill. App. 3d 153, 496 N.E.2d 509 (hereinafter *Jones I*), reversed and remanded for a new trial. The facts of the occurrence giving rise to plaintiff's cause of action are set out in *Jones I* and need not be repeated here. Following the remand, the clerk sent notice to the parties that trial was set for April 13, 1987. Defendant filed interrogatories pursuant to Supreme Court Rule 220 (107 Ill. 2d R. 220) on December 12, 1986. These interrogatories were served on plaintiff's counsel on December 10, 1986. On February 2, 1987, defendant requested compliance with this request pursuant to Supreme Court Rule 201(k) (107 Ill. 2d R. 201(k)). In response, plaintiff disclosed the name of his expert, H. Douglas Brown, but gave no further information regarding this expert. On February 17, 1987, plaintiff propounded his Rule 220 interrogatories.

On March 3, 1987, defendant moved to continue the trial date or, in the alternative, to disqualify plaintiff's expert as a witness based upon plaintiff's failure to comply with the Rule 220 discovery request. On March 25, 1987, plaintiff tendered a copy of his answers to interrogatories without a copy of his expert's report to defendant's attorney. Also on March 25, 1987, the trial court ordered, *inter alia*, that the trial was reset for August 3, 1987, and that defendant depose plaintiff's expert within 60 days. Brown's deposition took place on May 19 and 20, 1987. Following Brown's deposition, defendant moved for summary judgment. This motion was argued on July 2, 1987, and the trial court granted defendant's motion entering summary judgment against plaintiff, finding that plaintiff's expert, Brown, did not have a basis for an opinion as to causation that would present any more evidence as to defendant's liability than was presented at the first trial.

On August 3, 1987, plaintiff filed a motion to reconsider. On August 31, 1987, without leave of the court, plaintiff filed amended answers to defendant's Rule 220 interrogatories, identifying David Smith as an expert witness. On September 23, 1987, defendant filed a motion to strike plaintiff's amended answers to defendant's interrogatories and affidavit of David Smith. Oral argument was heard on both motions on September 25, 1987. The trial court granted defendant's motion to strike plaintiff's amended interrogatories based on untimely filing and further denied plaintiff's motion to reconsider.

Plaintiff's first issue on appeal is whether the trial court committed error in entering summary judgment in favor of defendant on remand for a new trial in light of *Jones I*. Plaintiff argues, first, that because this court previously held that the evidence adduced by plaintiff in his first trial was sufficient to avoid summary judgment, directed verdict, and judgment notwithstanding the verdict, and because this court directed the trial court to conduct a "new trial" on remand, it was error for the trial court not to follow the directions of this court. Plaintiff argues that the trial court did not follow the law of the case as prescribed in *Jones I*.

In *Jones I*, we found the verdict to be against the manifest weight of the evidence as to proximate cause of the explosion. We could not say, however, "that no verdict in plaintiff's favor on either count could ever stand." (*Jones* (1986), 146 Ill. App. 3d at 163, 496 N.E.2d at 515.) On remand, we were anticipating that plaintiff would introduce further evidence, if any, as to proximate cause.

■ Questions of law decided in a previous appeal are binding on the trial court. (*Zokoych v. Spalding* (1980), 84 Ill. App. 3d 661, 667,

405 N.E.2d 1220, 1225.) However, the rule that a trial court is bound by the law of the case, as found by a court on appeal, is not applicable to "issues of fact, and matters concerning the merits of the controversy between the parties which were presented to but not decided on by the appellate court." (*Callier v. Callier* (1986), 142 Ill. App. 3d 407, 414, 491 N.E.2d 505, 510.) The only issue we decided in the prior case was that the evidence presented to the trial court was insufficient to support the jury's verdict finding defendant liable for the propane explosion. We then remanded for a "new trial." Plaintiff argued in his brief that the trial judge had an undisguised rebellion against our findings in *Jones I* and refused to abide by our decision. We find, however, after a review of statements by the trial court, that even though the trial court did not agree with us, the trial court did in fact follow the guidelines previously set out in *Jones I.*

■ There is no statutory or common law rule which would force a matter to full trial upon remand. We find that when a new trial is ordered, that includes all phases of a trial including all pretrial matters. If the trial court determines that no issue of material fact exists, then it may dispose of the case through a summary judgment. (*Lopez v. Winchell's Donut House* (1984), 126 Ill. App. 3d 46, 466 N.E.2d 1309.) A defendant may at *any time* move for a summary judgment in his favor for all or any part of relief sought against him. Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(b).

■ In the instant case, the trial court found that no additional evidence had been introduced, and therefore, a verdict in favor of plaintiff would still be against the manifest weight of the evidence. We find that the trial court had the power to grant a summary judgment. However, because summary judgment is a drastic method of disposing of litigation, it should only be granted when the right of the movant is clear and free from doubt. (*Lopez v. Winchell's Donut House* (1984), 126 Ill. App. 3d at 49, 466 N.E.2d at 1311.) We now must decide whether, as plaintiff argues, he produced additional evidence after remand demonstrating triable issues of fact to preclude summary judgment for defendant.

The record indicates, and defendant concedes in its brief, that for purposes of the summary judgment hearing, defendant stipulated to Brown's qualifications as an expert. Therefore, we do not have to address the issue of whether Brown was or was not an expert, but only whether Brown's opinions were sufficient in foundation to withstand the summary judgment motion.

■ In passing on a summary judgment motion, the trial court is required to construe pleadings, affidavits, depositions, and admissions

on the file strictly against the moving party and liberally in favor of the opponent; only if such materials establish that a movant's entitlement to summary judgment is clear and free from doubt may such a motion be granted. (*Miller v. Smith* (1985), 137 Ill. App. 3d 192, 196, 484 N.E.2d 492, 497.) If facts permit more than one conclusion, including one unfavorable to the movant, a summary judgment should be denied. *Hadley v. Witt Unit School District 66* (1984), 123 Ill. App. 3d 19, 462 N.E.2d 877.

■ In the instant case, given the fact that Brown was an expert for purposes of the summary judgment motion, the real issue came down to what weight should be accorded Brown's testimony. Weighing and appraising the evidence is improper in deciding a summary judgment motion. (*Miller v. Smith* (1985), 137 Ill. App. 3d 192, 484 N.E.2d 492.) Brown's expert opinions, along with both plaintiff's and defendant's witnesses' testimony from the previous trial, were sufficient to raise questions of fact for a jury's determination. Therefore, we find that summary judgment in the instant case was improper. In light of this finding, it is not necessary for us to address plaintiff's argument that the trial court erred in denying his motion to reconsider.

We move now to the final issue: whether it was proper for the trial court to strike plaintiff's amended answers to defendant's Rule 220 interrogatories. Plaintiff argues that he tendered his expert, David M. Smith, sufficiently in advance of trial to ensure fair and equitable preparation for jury trial by both parties.

■ Rule 220(b)(1) requires disclosure of an expert either at the first pretrial conference or within 90 days after the substance of the expert's opinion becomes known to the party who intends to call the witness, whichever is later. (107 Ill. 2d R. 220(b)(1).) In any event, the court "shall enter an order scheduling the dates upon which all expert witnesses, including rebuttal experts, shall be disclosed." (107 Ill. 2d R. 220(b)(1).) Such disclosure should be conducted with the goal of ensuring discovery regarding such experts is completed not later than 60 days before the anticipated start of trial. (107 Ill. 2d R. 220(b)(1).) The rule further states: "Failure to make the disclosure required by this rule or to comply with the discovery contemplated herein will result in disqualification of the expert as a witness." 107 Ill. 2d R. 220(b)(1).

The March 25, 1987, order concerning disclosure of experts stated in pertinent part:

"1. The trial of this matter is continued to August 3, 1987, at 9:00 a.m.

2. The Defendant shall have 60 days from the date of this Order in which to complete the deposition of the Plaintiff's newly-designated expert.

3. The Defendant shall then have 30 days to respond to the Rule 220 Interrogatories Propounded by Plaintiff.

4. Plaintiff shall then have 30 days in which to complete the deposition of any expert(s) designated by the Defendant."

Plaintiff tendered his expert, Smith, on August 29, 1987. Defense counsel received Smith's *curriculum vitae* and affidavit on August 30, 1987. Defendant's two new experts, J. Roger Craddock and Dr. Frank Cleveland, who were not involved in *Jones I*, were disclosed to plaintiff on June 24, 1987. Neither of defendant's two new experts had been deposed on July 2, 1987, when summary judgment was granted in favor of defendant. Nothing in the March 25, 1987, order gives a date certain by when plaintiff's experts must be disclosed. Presumably, the trial court was under the impression that plaintiff's expert, Brown, was the only additional expert. While we believe that plaintiff should have first sought leave to amend before adding another expert, we find the trial court's improperly entered summary judgment changes the circumstances of this case. Generally, the imposition of sanctions under Rule 220 for a party's noncompliance with discovery rules is within the discretion of the trial court. (*Fischer v. G & S Builders* (1986), 147 Ill. App. 3d 168, 171-72, 497 N.E.2d 1022, 1024.) Here, when the trial court entered summary judgment on July 2, 1987, the August 3, 1987, trial date became immaterial. We find that it would be illogical to permit Smith to be disqualified at this stage when the goal of Rule 220 is to ensure that all discovery of experts is completed well in advance of trial so as to avoid surprise. The trial court's abuse of its discretion in striking plaintiff's amended answer to defendant's Rule 220 interrogatories relates back to the trial court's decision to grant defendant's motion for summary judgment. Consequently, we reverse both the trial court's entry of summary judgment and order striking plaintiff's amended response to defendant's Rule 220 interrogatories and, again, remand the cause for a new trial.

For the foregoing reasons, the order of the circuit court of Marion County is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

RARICK and CHAPMAN, JJ., concur.