### Dominic L. JOHNSON

v.

### UNITED PARCEL SERVICES, INC.

Civ. No. S–89–53.

United States District Court,
D. Maryland.

Oct. 24, 1989.

See also, 127 F.R.D. 464.

James R. Barrett, Margolis, Pritzker & Epstein, P.A., Towson, Md., for plaintiff.

Alan H. Kent, Thomas Earl Patton, and Martin Wald, Schnader, Harrison, Segal & Lewis, Washington, D.C., for defendant.

## MEMORANDUM

SMALKIN, District Judge.

This case is now pending on defendant's motion for summary judgment, which has been duly opposed by plaintiff pursuant to Fed.R.Civ.P. 56(e). Because the motion turns on questions of law only, the disputes of fact said by the parties to exist are immaterial to its disposition.

Plaintiff's complaint case sets forth, in Count I, a cause of action seeking damages for violation of Maryland's anti-polygraph statute, Md.Ann.Code art. 100, § 95(b) (1985 & Supp.1989). The second claim in the case, Count II, is for false imprisonment, arising out of the same set of operative facts that gave rise to the first claim. Briefly stated, the undisputed facts are that security personnel of UPS, plaintiff's employer, concerned about allegations of employee theft and drug dealing at one of their facilities, questioned plaintiff at the site of his employment on the evening of March 6, 1986. The questioning took between three and four hours, and, during the questioning, plaintiff submitted to polygraph tests. Plaintiff was discharged from employment after he took the polygraph tests, despite, according to plaintiff, having "passed" them. (There is, of course, no claim that he was discharged for *refusing* to take the tests, because he did, in fact, take them.) Plaintiff contends that he did not voluntarily consent to the tests, but was coerced into taking them out of fear that he would lose his job if he refused. Plaintiff has asserted no use or threat of force in connection with his claim of false imprisonment, nor does he claim that insuperable physical barriers, such as locked doors, enclosed him. He relies, for his false imprisonment claim, entirely upon his fear that termination of his employment would occur should he leave the interview room.

On the first claim, defendant argues that there is no implied civil action for damages available for a bare violation (*i.e.*, one not involving abusive discharge) of Md. Ann.Code art. 100, § 95. This Court agrees. The Court of Appeals of Maryland has not addressed this issue, thereby making it the duty of this Court to determine how that court would decide it. *See Wilson v. Ford Motor Co.*, 656 F.2d 960 (4th Cir.1981). Based upon its construction of the statute and applicable Maryland law, this Court concludes that the Court of Appeals of Maryland would not imply a private right of action for damages arising from mere violation of the statute.

There is very little authority from the Court of Appeals on the issue of the circumstances under which that Court will imply a new private cause of action from a Maryland statute. The extant authority, though, indicates that such a right is to be implied when the statute establishes an individual right, imposes a corresponding duty on the government, and fails to provide an express statutory remedy. *Widgeon v. Eastern Shore Hospital Center*, 300 Md. 520, 536, 479 A.2d 921, 929 (1984). In the instant case, the statute creates an individual right. It is questionable whether it imposes a corresponding duty in the sense discussed in *Widgeon*, because the duty here is imposed on the employer, rather than the government, but the Court will

assume that the corresponding duty element is present here. Nonetheless, the undoubted *presence* here of an express statutory remedy (which has both civil and criminal aspects) is fatal to the implication of a private right of action under the *Widgeon* test.

Plaintiff argues that the Court of Special Appeals of Maryland has recognized that the express statutory remedy in art. 100, § 95 does not exclude enforcement of the statute by way of a private tort suit, *Townsend v. L.W.M. Management, Inc.*, 64 Md. App. 55, 494 A.2d 239, *cert. denied*, 304 Md. 300, 498 A.2d 1186 (1985) and *Moniodis v. Cook*, 64 Md.App. 1, 494 A.2d 212, *cert. denied*, 304 Md. 631, 500 A.2d 649 (1985), and that, therefore, a bare violation of the statute entitles him to civil relief. But, contrary to plaintiff's argument, the cited cases do not support the proposition that an employee, other than one who has been discharged for *failure* to submit to a polygraph, can base a suit upon violation of the statute. And even in the case of a discharged employee, the suit is not one for violation of the statute, but for the now-familiar tort of abusive discharge. Although the Court of Special Appeals in *Townsend*, 64 Md.App. at 63, 494 A.2d at 243 held that the statutory enforcement scheme of art. 100, § 95 (including initiation of civil actions by the Attorney General for the recovery of damages for the aggrieved party) does not create an exclusive remedy, the question before the *Townsend* court was only whether the statutory scheme was exclusive *vis-a-vis* the tort of wrongful discharge. Thus, the Court of Special Appeals, in *Townsend*, did not directly address the issue in this case, *viz.*, whether a mere violation of the statute, short of wrongful discharge, creates a separate and independent cause of action in tort.

In this Court's view, the General Assembly of Maryland did not intend to create a new private tort remedy when it enacted art. 100, § 95. The General Assembly very carefully crafted and limited the civil and criminal enforcement provisions of the statute. It did not grant a general, direct right to aggrieved parties to bring suit for a mere violation of the statute, although it

could have done so. In this Court's judgment, the fact that there is discretion vested in the Commissioner of Labor and the Attorney General with regard to the institution of civil proceedings on behalf of aggrieved persons indicates an intent on the part of the legislature not to create a new cause of action, but, rather, to limit civil litigation arising under the statute to those cases which high-ranking state officials deem appropriate, much like criminal enforcement of the statute depends upon the discretion of the State's Attorney. Also, the Court notes that, post-*Townsend*, the statute has been amended to make the civil enforcement remedy available to current employees, as well as applicants for employment. *See Townsend*, 64 Md.App. at 63, 494 A.2d at 243. This is a proper case, then, in this Court's judgment, for application of the well-known maxim of construction *expressio unius est exclusio alterius*. The creation of the civil and criminal remedies in the statute was intended by the legislature to be comprehensive and exclusive, except, of course, that the legislature did not intend by the creation of these remedies to abrogate the use of the statute as an expression of Maryland's public policy, in an abusive discharge action. For these reasons, defendant is entitled to summary judgment on Count I of the complaint.

■ The remaining count, claiming false imprisonment, may be dealt with readily. It is undisputed that no physical force was applied to detain plaintiff during his interview on the evening of March 6. Not only was there no physical force used, but plaintiff could have walked out of the room and off the premises, without having to pass through any locked door or other physical barrier. Moreover, he does not allege any verbal threat of force or any conduct on the part of defendant's agents that restricted his means of escape, other than a statement leading plaintiff to fear that he might lose his job should he leave. The restraint that resulted simply from plaintiff's fear of losing his job is insufficient as a matter of law to make out a claim of false imprisonment. *See, e.g., Mason v. Wrightson*, 205

Md. 481, 487, 109 A.2d 128, 131 (1954). Even if statements of defendant's agents led plaintiff to believe that he would be fired immediately should he leave the room, this is an insufficient threat for supporting a claim for false imprisonment. *See, e.g.,* Restatement (2d) of Torts § 40A, comment a, illustrations 1 and 2 (1965) (A threat by defendant, with gun in hand, to shoot plaintiff's child should plaintiff leave the room is sufficient, as is a threat to destroy plaintiff's valuable personal property on the spot.). *See also Lopez v. Winchell's Donut House,* 126 Ill.App.3d 46, 81 Ill.Dec. 507, 510, 466 N.E.2d 1309, 1312 (1984) and *Sauls v. Bristol–Myers Co.,* 462 F.Supp. 887, 889 & n. 9 (S.D.N.Y.1978). *See generally Prosser & Keeton on The Law of Torts* 49–50 (5th ed. 1984). Thus, summary judgment is appropriate as to plaintiff's false imprisonment claim, Count II of the complaint.

For the reasons stated, an order will be entered separately, granting summary judgment in favor of defendant and against plaintiff.