927 F.2d 596
 6 Indiv.Empl.Rts.Cas. 416
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dominic L. JOHNSON, Plaintiff-Appellant,
v.
UNITED PARCEL SERVICES, INC., Defendant-Appellee.
 No. 89-3371.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 3, 1990.
Decided March 7, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-89-53-S)
 James Robert Barrett, Margolis, Pritzker & Epstein, P.A., Towson, Md., argued for appellant; Jeffrey N. Pritzker, Margolis, Pritzker & Epstein, P.A., Towson, Md., on brief.
 Martin Wald, Schnader, Harrison, Segal & Lewis, Washington, D.C., argued for appellee; Thomas Earl Patton, Alan H. Kent, Cherie B. Artz, David E. Worthen, Schnader, Harrison, Segal & Lewis, Washington, D.C., on brief.
 D.Md., 722 F.Supp. 1282.
 AFFIRMED.
 Before DONALD RUSSELL and PHILLIPS, Circuit Judges, and WILSON, United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellant, Dominic L. Johnson, an employee at will, was terminated by his employer, United Parcel Service, Inc. ("UPS"), following an investigation of theft losses and suspected drug use and dealing at UPS' Baltimore facility. Before his termination, Johnson was questioned concerning his knowledge of, or possible involvement in, the matters under investigation. Johnson was compelled to take a polygraph examination, which he "passed." Following the examination, Johnson resigned his employment after being told by his superiors that if he did not resign, he would be fired. Johnson filed this two-count action alleging that he was "wrongfully terminated" and that he was "illegally detained." In count one, Johnson alleged that he "was required to take a polygraph examination as a condition of continued employment" in violation of the Maryland polygraph statute, Md.Ann.Code art. 100, Sec. 95 (1985 and Supp.1989), and was "wrongfully terminated" as a result of that violation. In count two, Johnson alleged that he was "illegally detained." The district court granted UPS' motion for summary judgment on both claims. We affirm.
 
 
 2
 Johnson refused on fifth amendment grounds to answer questions in his deposition concerning his possible drug use and dealing off-premises. Rather than dismissing the suit in its entirety, the district judge carefully attempted to limit sanctions for Johnson's refusal to answer by dismissing only those claims found to be relevant to Johnson's possible drug use and dealing off-premises--his claim for wrongful discharge and his claim for punitive damages. As a result, Johnson's false imprisonment count remained, and although Johnson did not assert a separate third claim setting forth an implied right of action under the Maryland polygraph statute separate and apart from his wrongful discharge claim, the district court, nevertheless, read such a claim into Johnson's complaint. Later, the court held that there is no implied private right of action for a "mere violation of the [Maryland polygraph] statute" separate and apart from an action for wrongful discharge and, accordingly, entered summary judgment on count one. The court also entered summary judgment on count two, because the uncontradicted evidence established that Johnson was not detained by force or the threat of force.
 
 
 3
 In essence, Johnson makes three arguments in this appeal. First, Johnson maintains that the district court should not have imposed sanctions, because his "off-duty, off-premises conduct had no bearing on his job performance or the actions of [UPS]," and because the information sought was protected by the fifth amendment. Appellant's Brief at 8. Second, he argues that a "plain reading" of the Maryland polygraph statute indicates that the Maryland General Assembly intended to create a "new private tort remedy." Appellant's Brief at 14. Finally, Johnson contends that his superior's threat to discharge him immediately if he attempted to leave during questioning, an uncontradicted fact, precluded summary judgment on his false imprisonment claim.
 
 
 4
 We affirm the grant of summary judgment, because Johnson was not discharged in violation of the Maryland polygraph statute and was not detained by force or the threat of force. We find it unnecessary, however, either to decide whether Maryland would imply a private right of action for a "mere violation of the statute" separate and apart from an action for wrongful discharge or to decide whether sanctions were properly imposed.
 
 
 5
 * Johnson's complaint contains only two counts. Reasonably construed, count one sets forth a single claim for wrongful discharge, and count two sets forth a claim for false imprisonment. Although the district court's careful attempt to limit sanctions was commendable, the district court was not required to read into Johnson's complaint a non-existent third claim asserting an implied right of action under the Maryland polygraph statute. Even Johnson has not construed his complaint as containing a third claim for relief:
 
 
 6
 Count I sets forth a cause of action for wrongful discharge based on the employer's violation of Maryland's "Lie Detector Statute...." Count II sets forth a claim for false imprisonment based on the same set of circumstances of March, 1986.
 
 
 7
 Appellant's Brief at 2 (citations omitted). Thus, as count one is solely a claim for wrongful discharge, it is not necessary for this court to reach the issue of whether there is an implied right of action under the Maryland polygraph statute.
 
 
 8
 Likewise, the issue of sanctions does not affect the outcome of Johnson's wrongful discharge claim. Johnson's wrongful discharge claim cannot survive even if considered on its merits, since the uncontradicted evidence establishes that Johnson was not discharged for refusing to submit to a polygraph examination. Whether or not he was compelled, he took the examination and passed it.
 
 
 9
 The "at will" doctrine was modified by the Maryland Court of Appeals in Adler v. American Standard Corp., 291 Md. 31, 432 A.2d 464 (1981), through its recognition of a "cause of action for abusive discharge by an employer of an at will employee when the motivation for the discharge contravenes some clear mandate of public policy...." Id. at 47, 432 A.2d at 473. Although Md.Ann.Code art. 100, Sec. 95 is such a mandate, Moniodis v. Cook, 64 Md.App. 1, 494 A.2d 212, cert. denied, 304 Md. 631, 500 A.2d 649 (1985), an employee who takes the test and is discharged because he is perceived to be dishonest or unfit has not been discharged in contravention of "[Maryland's] public policy as reflected by Sec. 95." Townsend v. L.W.M. Management, Inc., 64 Md.App. 55, 70, 494 A.2d 239, 247, cert. denied, 304 Md. 300, 498 A.2d 1186 (1985).
 
 
 10
 In Townsend, the manager of a restaurant was compelled to take a polygraph test after it was discovered that money was missing from a cash box to which he had access. He was discharged the day following the test. In concluding that the discharge did not contravene public policy, the Maryland court reasoned that the employee "voluntarily or involuntarily" submitted to the test. Id. at 69, 494 A.2d at 247. He was fired only after he took the test. He was discharged, therefore, because his employer concluded that he was the thief, a reason found not to contravene Maryland's public policy, "even though the determination that [the employee] was the thief may have been made based on the results of a polygraph examination unlawfully required." Id. at 70, 494 A.2d at 247.
 
 
 11
 Johnson took the polygraph examination and was discharged despite the test results, apparently, as in Townsend, based upon the assumption that he was engaged in unlawful activities. It follows that Johnson's discharge did not result from a violation of Maryland's polygraph statute.
 
 II
 
 12
 We also find Johnson's false imprisonment claim to lack merit, because he was not detained by force or the threat of force, but rather by the threat of discharge. It is uncontradicted that the doors to the room in which he was being questioned were not locked or obstructed and that no force was threatened or used. Despite these facts, he argues that false imprisonment may occur by means other than physical force and "as an eight year supervisory employee of UPS, [he] did not wish to jeopardize his employment so he remained in the room." Appellant's Brief at 19. We believe that force or the threat of force is required to establish a claim of false imprisonment under Maryland law. Mason v. Wrightson, 205 Md. 481, 487, 109 A.2d 128, 131 (1954). However, without defining the entire spectrum of conduct that might be included in the tort, we are satisfied that it is not tortious conduct for an employer to demand that an employee either remain on the premises and answer questions or face termination. It is self-evident that an employer has the right, buttressed either by an implied or express threat of termination, absent some contrary contractual provision, to ask its employees questions relating to the employer's business. Accordingly, we find that the district court properly entered summary judgment as to count two.
 
 III
 
 13
 Finding the district court's entry of summary judgment appropriate on both counts of Johnson's complaint, that judgment is
 
 
 14
 AFFIRMED.