**Edward L. COATES, Plaintiff,**

v.

**UNITED PARCEL SERVICES, INC., Defendant.**

**Civil Action No. S–96–408.**

United States District Court,
D. Maryland.

Aug. 19, 1996.

Ransom J. Davis, Daneker, McIntire & Davis, Baltimore, MD, for Plaintiff.

Emmett F. McGee, Jr., Piper & Marbury, Baltimore, MD, for Defendant.

## MEMORANDUM OPINION

SMALKIN, District Judge.

Ransom J. Davis, Esquire, has filed a response to this Court's Order requiring him to show cause why he should not be sanctioned under Rule 11 of the Federal Rules of Civil Procedure.[1] Mr. Davis argues that he is being penalized for having "the temerity" to represent a "wronged employee" against a "corporate giant." (Response to Show Cause Order at 2). Contrary to Mr. Davis's belief, however, the potential basis for sanctions comes not from the nature of the litigation itself, but from Mr. Davis's manner of pursuing it.

This Court must determine whether the plaintiff's federal filings are either so lacking in a legal or factual basis as to be sanctionable under Rule 11(b)(2) and (3) or so meritless as to reveal an "improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" under Rule 11(b)(1). *See In re Kunstler*, 914 F.2d 505, 518 (4th Cir.1990) (district court should consider legal and factual basis for filings before considering improper purpose because "whether or not a pleading has a foundation in fact or is well grounded in law will often influence the determination of the signer's purpose.")

### A. *Jurisdiction to Impose Sanctions.*

 The plaintiff contends that "there is serious doubt whether Rule 11 has any appli-

cation in the circumstances of this case" because the action was removed from state court. According to the plaintiff, "[n]umerous courts have ruled that sanctions available under the Federal Rules ... do not apply to a lawsuit which initially has been filed in state court, but then removed to federal court by defendant—the precise procedural history of this action." (Resp. to Show Cause Order at 3–4.) This is an incorrect statement of the law. Although a federal court lacks authority to sanction an attorney under Rule 11 for filings made under the procedural rules of a state forum, filings made in the federal court *after* removal are subject to the requirements of the federal rules, including Rule 11. The plaintiff himself cites, but apparently did not read, cases that acknowledge this rule. *Bisciglia v. Kenosha Unified School District*, 45 F.3d 223, 227 (7th Cir.1995) (noting, in removed action, that "Rule 11 sanctions could only have been appropriately awarded in this case based upon frivolous filings in the federal district court"); *Griffen v. Oklahoma City*, 3 F.3d 336, 340 (10th Cir.1993) ("no sanctions can be imposed under Rule 11 in an action that is removed to federal court, unless a party files sanctionable papers in federal court."). This Court accordingly considers the imposition of sanctions only in connection with papers filed in this Court after removal.

### B. *Groundless Claims.*

 Rule 11(b) acknowledges that an attorney filing court papers certifies that "the claims, defenses and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law ...," and that "the allegations and other factual contentions have evidentiary support or ... are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Rule 11(b)(2) and (3). As this Court's memorandum opinion of July

---

1. Although this Court warned the plaintiff's counsel in its Letter Order of May 3, 1996, that it would consider imposing sanctions under "Rule 11, 28 U.S.C. 1927, or other appropriate authority," *see, e.g. Blue v. United States Dep't. of the Army*, 914 F.2d 525, 533 (4th Cir.1990), *cert. denied sub nom. Chambers v. United States Dep't*

*of the Army*, 499 U.S. 959, 111 S.Ct. 1580, 113 L.Ed.2d 645 (1991), it has only ordered Mr. Davis to show cause why Rule 11 sanctions should not be imposed. Consequently, this Court will consider only whether Mr. Davis's conduct is sanctionable under that rule.

30, 1996, makes amply clear, the plaintiff's contentions in his opposition to the defendant's motion for summary judgment were entirely meritless. Under Rule 11, however, the plaintiff's filings are sanctionable only to the extent that the plaintiff's attorney has failed to meet the certification requirements of Rule 11(b).

Of most serious concern to this Court is the plaintiff's continued pursuit of unsupported claims of false imprisonment, abuse of process and negligent investigation.[2] On the basis of the plaintiff's own factual allegations, which the Court accepted as true for the purposes of the summary judgment motion, the plaintiff clearly had no cause of action under applicable law for any one of these torts. *See Johnson v. United Parcel Services, Inc.,* 722 F.Supp. 1282, 1284 (D.Md.1989), *aff'd* 927 F.2d 596 (4th Cir. 1991) (holding, under Maryland law, that "[t]he restraint that resulted simply from plaintiff's fear of losing his job is insufficient as a matter of law to make out a claim of false imprisonment"); *Palmer Ford, Inc. v. Wood,* 298 Md. 484, 511, 471 A.2d 297 (1984) (holding, with respect to the tort of abuse of process, that "there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even with bad intentions"); *Bagwell v. Peninsula Regional Medical Center,* 106 Md. App. 470, 518, 665 A.2d 297 (1995), *cert. denied,* 341 Md. 172, 669 A.2d 1360 (1996) ("in an at-will employment relationship ... the employer simply has no duty to investigate allegations of employee misconduct prior to discharging the employee.") Conspicuous by their absence from the plaintiff's opposition to the defendant's summary judgment motion were citations to any of these cases, or, indeed, citations to any legal authority whatsoever.[3] Even the most cursory research and analysis would have indicated that the plaintiff's claims for false imprisonment, abuse of process and negligent investigation were likely meritless, and that they required, at the very least, further legal or factual development.[4]

■ In connection with the abuse of process claim, the plaintiff argues that "[t]he factual evidence necessary to demonstrate Defendant's abusive use of legal process was denied to Plaintiff because of the curtailment of pretrial discovery." (Resp. to Show Cause Order at 9). The plaintiff's response is inadequate. "The need for discovery to complete the factual basis for alleged claims is not an excuse to allege claims with no factual basis." *In re Kunstler,* 914 F.2d at 516. The plaintiff sought discovery of evidence of an evil intent on the defendant's part, his theory being that the defendant procured a search warrant to harass the plaintiff. The existence of such an evil intent is, however, legally irrelevant to the plaintiff's abuse of process claim under the undisputed factual circumstances of this case. *See* July 30, 1996 Memorandum Opinion at 11–12.

Accordingly, there was absolutely no basis upon which the plaintiff's attorney could certify that "after an inquiry reasonable under the circumstances," Rule 11(b), he deemed that the legal contentions made in opposition to the defendant's summary judgment motion regarding false imprisonment, abuse of process and negligent investigation had a reasonable legal and factual basis. The plaintiff's attorney's conduct in pursuing these

---

**2.** As stated in the opinion of July 30, 1996, the plaintiff failed to allege facts sufficient to give rise to a cause of action for either defamation or intentional infliction of emotional distress. Construing the plaintiff's claims with respect to both torts as generously as possible, this Court deems that although they were meritless on their face they nonetheless met the certification requirements of Rule 11.

**3.** Only a boilerplate introductory section of the opposition, describing federal summary judgment standards, includes a citation to *any* decided case.

**4.** Responding to this Court's order to show cause why he should not be sanctioned under Rule 11, the plaintiff's attorney has identified some pertinent Maryland cases and made further factual allegations in support of his legal arguments. The issue before this Court, however, is whether the plaintiff's earlier papers, as then filed, satisfied Rule 11's certification requirements. *See Sheets v. Yamaha Motors Corp.,* 891 F.2d 533 (5th Cir.1990); *Miller v. Beneficial Management Corp,* 844 F.Supp. 990 (D.N.J.1993).

baseless contentions is sanctionable under Rule 11.

### C. Improper Purpose.

■ Rule 11(b)(1) authorizes the Court to impose sanctions where an attorney's filings reveal that they were made for an "improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Rule 11(b)(1). Mr. Davis's filings certainly had the *effect* of causing unnecessary delay and of increasing litigation costs. Nevertheless, the Rule 11 inquiry goes to the *purpose* of baseless filings, rather than to their consequences. In this regard, the Court "must judge the conduct of counsel under an objective standard of reasonableness, rather than assessing subjective intent." *In re Kunstler,* 914 F.2d at 518.

As earlier stated, the plaintiff's principal substantive filing, the opposition to the defendant's motion for summary judgment, which was not even timely filed, despite an extension of time, contains *no* pertinent references to legal authority. The purpose of filing such an opposition is open to question in light of the existence of relevant, uncited Maryland cases that are fatal to some of the plaintiff's claims.

In addition to its complete dearth of legal analysis and citation to legal authority, the plaintiff's opposition failed to present factual issues to this Court in a proper manner. The opposition does not contain a single citation to the record. Instead, it consists of a series of unsupported, vague statements which purport to reveal material issues for trial. Appended to the opposition are some 389 pages of transcripts of deposition testimony, most of which were entirely irrelevant to the disposition of the action, but all of which had to be reviewed by the Court so that the plaintiff might not suffer from his attorney's failure to present the facts effectively. The Court's lengthy and thorough review revealed no disputed issues of material fact. Rather, it showed that there was no basis for the generalizations set forth in the opposition, that there was no merit to the plaintiff's complaint that the plaintiff's deposition testimony was tainted by the "hostile and sometimes misleading oral examination by Defendant's attorney," (Pltf.'s Opp. at 2), and that serious questions exist about the probity of the affidavit filed by the plaintiff to "supplement" his own adverse deposition testimony.

In addition, some of the plaintiff's procedural motions are baseless. The plaintiff's specious argument that this Court may never impose Rule 11 sanctions in a removed action, for example, should never have been made. The culmination of Mr. Davis's lackadaisical approach to the litigation, however, was his request for a second extension of time to respond to defendant's motion for summary judgment, made on the eve of the filing deadline despite this Court's explicit warning that no such additional extension would be granted.[5] Although almost three months had elapsed since the defendant's summary judgment motion had been filed, Mr. Davis requested a second extension of time on the basis that "things are going to be very busy at the end of this week" and that "[c]ompleting the necessary work … will be very difficult by Friday." (Letter to the Court from Ransom Davis, dated July 8, 1996).[6] It is facially absurd for an attorney to argue that immediate litigation commitments preclude filing the opposition to a motion that has been outstanding for almost three months. Such absurdities cast doubt upon the purpose for which the motion for an additional extension of time might have been filed.

In sum, Mr. Davis has behaved in a dilatory manner ever since the litigation was removed to this Court. He has shown disregard for the discovery and motions deadlines set by the Court, including extensions granted at his own request. In addition to Mr. Davis's failure to abide by the litigation

---

**5.** Although the plaintiff's letter is dated July 8, 1996 and marked "HAND–DELIVER," the Court did not receive it until July 11, 1996.

**6.** Although this Court initially denied the baseless request for a second extension and struck the plaintiff's untimely response, it later treated the opposition as timely filed for the purposes of deciding the summary judgment motion. *See* Memorandum Opinion of July 30, 1996 at 1, n. 1.

schedule, his filings have lacked even flimsy legal and factual support.

Despite this dismaying catalogue of improper conduct, this Court finds that Mr. Davis's pursuit of the litigation does not establish improper purpose within the meaning of Rule 11. "If a complaint is filed to vindicate rights in court, and also for some other purpose, a court should not sanction counsel for an intention that the court does not approve, so long as the added purpose is not undertaken in bad faith ..." *In re Kunstler*, 914 F.2d at 518. It is clear that Mr. Davis's underlying purpose in filing each of his federal motions has been to vindicate his client's rights in court. Moreover, although Mr. Davis's conduct during the litigation has not been professionally appropriate, this Court is not persuaded that he acted in bad faith. That being the case, no sanctions will be imposed under Rule 11 on the ground that the plaintiff's filings were made for an improper purpose.

### *Conclusion*

For the foregoing reasons, this Court will impose sanctions upon Mr. Davis for continuing to pursue the claims which plainly lacked a legal or factual basis. The Court will hold a hearing on Monday, August 19, 1996 at 10.00 a.m. to determine the proper amount of the sanctions.

It is so ordered.